**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

CHARLES  FARRELL,                          )
                                                            )
                                Petitioner,       )
                                                            )
                        vs.                          )        Case No. 2:14-cv-00380-LJM-WGH
                                                            )
RICHARD  BROWN,                          )
                                                            )
                                Respondent.    )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Charles Farrell for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 14-05-116. For the reasons explained in this Entry, Farrell's habeas petition must be **denied**.

**Discussion**

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

1

**B.  The Disciplinary Proceeding**

On May 21, 2014, Correctional Officer Goodwin wrote a Report of Conduct that

charged

Farrell with class B offense 202, Possession of a Controlled Substance. The Conduct

Report states:

> I c/o Goodwin at approximately 10:00 p.m. while working EHU noticed
> sanitation offender Cox, Shaun # 232102 picking up a bag from cell 104
> that house offenders White, Bruce 104961 and Charles Farrell # 955909
> and taking the bag to cell 103 that house Gooden Anthony #915103 and
> Walker, Anthony # 106881. Before offender Cox could give the bag to cell
> 103 I asked to look in it. I found three separately wrapped packets of what
> appears to be a greenish brown leafy substance inside a dental floss bag[.]
> [T]he dental floss bag was hidden inside a bag of popcorn.

A photograph of the contraband was taken. On May 22, 2014, Farrell was notified of the

charge of Possession of a Controlled Substance and he was served with the Conduct

Report and the Notice of Disciplinary Hearing. Farrell was notified of his rights, pled not

guilty, and requested the appointment of a lay advocate. He indicated he wished to call

Offenders White, Cox, and Gooden as witnesses. He also requested "video that he never

got a bag of popcorn from 104."

On May 22, 2014, investigator Randy VanVleet conducted a field test on the

contraband, which consisted of two plastic bags containing a green leafy substance, and

one rolled piece of paper containing a green leafy substance. The substance tested

positive for marijuana.

On May 27, 2014, the Disciplinary Hearing Body viewed a video from the date,

time, and place of the incident. The hearing officer determined that Farrell would not be

permitted to view the video because that would jeopardize the security of the facility. A

statement from disciplinary officer Chapman informed Farrell that the video showed

offender Cox walk away from Officer Goodwin and approach cell 104 (Farrell's cell). He then walked away and stands in front of cell 103. He then returns to cell 104 and lowers the cuff port. Next, he secures the cuff port on cell 104 and walks toward cell 103, at which time Officer Goodwin calls Cox over to her and Cox hands her an object.

The hearing officer conducted a disciplinary hearing in WVE-14-05-0116 on May 29, 2014. Farrell stated the he had nothing to do with this incident and he never came to the door or passed anyone anything. The hearing officer found Farrell guilty of Attempted Possession of a Controlled Substance. In making this determination, the hearing officer considered staff reports, Farrell's statement, the photo, video summary, and the physical evidence. The hearing officer recommended and approved sanctions including the loss of sixty days earned credit time and demotion to credit class two.

Farrell appealed to the Facility Head on June 14, 2014. The Facility Head denied the appeal on July 28, 2014. Farrell appealed to the Final Reviewing Authority, who denied his appeal by letter dated September 5, 2014.

### C. Analysis

Farrell raises two grounds for relief in his habeas petition. First he argues that the disciplinary hearing officer's reason for decision is inadequate and does not explain why the offender statements were not credited. Farrell argues that his witness statements were exculpatory and that the hearing officer refused to consider them.

In response, the respondent argues that the photographic evidence, test results, and staff reports provide sufficient evidence to sustain Farrell's conviction for attempted possession of a controlled substance. Here, the Report of Conduct establishes that Officer Goodwin observed offender Cox remove a bag from Farrell's cell and take it to a separate cell. The bag contained three separately wrapped packets of green, leafy

material that turned out to be marijuana. The conduct report is also consistent with the video evidence.

In addition, the Report of Disciplinary Hearing clearly states that the witness statements requested at screening were considered. Bruce White (Farrell's former cellmate) stated that on May 21, 2014, Charles Farrell never possessed or passed a popcorn bag containing marijuana. Dkt. 9-10. Anthony Gooden stated that he knew nothing about anything coming or going to anywhere. Dkt. 9-9. Shaun Cox stated that there was no popcorn bag that came from 104, the only thing that came from Cell 104 was tape and that went to 103. Cell 104 had nothing to do with the popcorn bag. Dkt. 9-8. These statements were not consistent with the video evidence and the hearing officer was not obligated to accept these statements as true.

The constitutional standard of "some evidence" is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances described in conduct report that Farrell Attempted to Possess a Controlled Substance. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

In addition, to satisfy *Wolff,* the required detail for a hearing officer's written statement "will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides." *Culbert v.*

4

*Young,* 834 F.2d 624, 631 (7th Cir. 1987). "And when 'there is no mystery' about the decision maker's reasoning process, even a written statement of 'extreme brevity' will not be 'so deficient as to create error of constitutional magnitude.'" *Arce v. Indiana Parole Bd.*, 596 F. App'x 501, 503 (7th Cir. 2015) (*quoting Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir. 1987)). In this case, the conduct report, video and physical evidence clearly showed that a bag containing marijuana was passed out of Farrell's cell to another offender, such that there is some evidence that Farrell possessed or attempted to possess this controlled substance. The hearing officer was not required to explain why the offender statements were not exculpatory when they were inconsistent with the video and physical evidence and did not provide any plausible explanation for the contraband which left Farrell's cell.

Second, Farrell argues that he was denied meaningful review of his claims during the administrative appeals process. He states that the Superintendent's boilerplate rejection of his cases violates the Indiana Department of Correction's Adult Disciplinary Policy. In response, the respondent argues that "[s]imply because an administrative officer relies to some degree on boilerplate language in dismissing appeals does not mean that the review was not meaningful. . . . Meaningful review does not require creative writing." *Forbes v. Trigg*, 976 F.2d 308, 320, (7th Cir. 1992). Since the impartiality and quality of administrative review does not hinge upon the specific wording of the analysis, Farrell has failed to show that the administrative review was inadequate and his claim should be dismissed. In addition, "[t]hat the prison may have violated its own policy on this issue is irrelevant for purposes of § 2254." *Arce,* 596 F. App'x at 503 (citing cases).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Farrell to the relief he seeks. Accordingly, Farrell's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   November 19, 2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES FARRELL
955909
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel